**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| KEVIN W. STICH | ) | Case No. 25-32249(1)(13) |
| | ) | |
| _____Debtor_____ | ) | |
| | ) | |
| KEVIN W. STICH | ) | |
| | ) | |
| Plaintiff | ) | Adv. No. 25-03052 |
| | ) | |
| v. | ) | |
| | ) | |
| DALE MATTINGLY | ) | |
| d/b/a DaPAULA PROPERTIES | ) | |
| | ) | |
| _____Defendant_____ | ) | |

## MEMORANDUM-OPINION

This matter is before the Court on the Motion for Summary Judgment filed on behalf of the Plaintiff, Kevin W. Stich (hereinafter referred to as "Plaintiff" or "Stich"), against Defendant Dale Mattingly d/b/a DaPaula Properties (hereinafter referred to as "Defendant" or "Mattingly"). The Court reviewed Plaintiff's Motion for Summary Judgment and Defendant's Response to Plaintiff's Motion for Summary Judgment. For the following reasons, the Court will **DENY** the Plaintiff's Motion for Summary Judgment.

## INTRODUCTION

On February 10, 2026, Debtor/Plaintiff Kevin W. Stich filed a Motion for Summary Judgment against Defendant Dale Mattingly seeking an Order declaring the following: (1) that Judgment Liens filed by Mattingly in Jefferson and Bullitt Counties in 2020 have been satisfied

and are no longer enforceable against Stich's properties; (2) that Mattingly be directed to execute and file releases of the Judgment Liens recorded in Jefferson and Bullitt Counties within fourteen (14) days of this Order; (3) that Mattingly's claim in Stich's Chapter 13 case be reclassified from secured to unsecured; and (4) that the Court grant such other and further relief as the Court deems just and proper.

The Court finds no support for Stich's claims herein and for the following reasons, will **DENY** Plaintiff's Motion for Summary Judgment.

### STATEMENT OF UNDISPUTED MATERIAL FACTS

On March 20, 2020, Mattingly filed a Complaint against Stich in Jefferson Circuit Court, under Case No. 20-CI-002044, asserting claims of breach of a lease and fraud.

On April 28, 2020, after Stich failed to respond to the lawsuit, Mattingly obtained a Default Judgment against Stich.

The Lease that Mattingly claims Stich breached contained the following language:

> The Lessee agrees to pay as additional rent any and all sums which may become due by reason of the failure of the Lessee to comply with all the covenants of this lease and any and all damages, costs and expenses including attorneys fees . . .

*See,* Memorandum and Order, Dec. 13, 2022, at p. 3.

On August 24, 2020, the Jefferson Circuit Court entered judgment in favor of Mattingly in the amount of $73,458.74, plus costs and attorney's fees in the amount of $910.00, plus interest of 6% per annum until paid in full.

On October 23, 2020, Mattingly issued wage and non-wage garnishments to seven limited liability companies that Stich had an interest in, as well as obtaining charging orders on Stich's equity interest in the limited liability companies.  Mattingly also filed Judgment Liens in Jefferson County and Bullitt County on October 29, 2020 and November 6, 2020.

2

On November 4, 2020, Mattingly also served garnishments on Haunt Brother, LLC, of which Stich was its sole member and officer.

On or around January 29, 2021, Mattingly recovered $4,227.80 from a sheriff's sale of Stich's personal property. Other than this recovery, none of the above attempts by Mattingly to collect on the original Judgment resulted in recovery on Mattingly's behalf.

Stitch appealed several orders of the Jefferson Circuit Court and posted a supersedeas bond in the amount of $84,158.94.

The Court adopts Mattingly's Counterstatement of Relevant Facts and Procedural History set forth in Mattingly's Response to Plaintiff's Motion for Summary Judgment herein. *See*, DKT No. *12*. The Counterstatement accurately sets forth the extraordinary efforts taken by Mattingly to collect on the default judgment he obtained against Stich from the date of the Judgment, August 24, 2020 to July 11, 2025, when the Kentucky Court of Appeals affirmed the June 5, 2024 Order, which granted Mattingly's Motion to Satisfy the Original Judgment. The trial Court treated the Original Judgment and Supplemental Judgment as a singular liability. Since the bond released to Mattingly in the amount of $84,158.98 did not cover the full amount of the Original Judgment, Mattingly's claim remains secured by the Judgment Liens.

Based on Mattingly's uncontested Proof of Claim filed in the Debtor's bankruptcy case, Case No. 25-32249(1)(13), the total amount of Mattingly's claim is $106,126.26. This amount includes the initial Judgment in Case No. 20-CI-002044, in the amount of $74,368.74 at 6% interest, less $4,227.80 resulting from the execution of personal property and disgorgement of the bond of $84,158.94, leaving $2,414.93 owed. Mattingly's judgment was never paid in full. While he has a judgment lien of record, this unpaid

3

amount from the Original Judgment, plus the Supplemental Judgment of $96,160.20 totaled $98,575.13, plus accrued interest of $7,551.13, making the total claim $106,126.26. Thus, Mattingly held a claim reduced to judgment secured by the judgment liens for the entire time up to the filing of Stich's bankruptcy.

As stated by Mattingly in his Response to Plaintiff's Motion for Summary Judgment, "a lien is satisfied when the lienholder receives payment sufficient to discharge the principal, interest, and other costs owing on the obligation that the lien secures, ..." *See* Defendant's Brief, p. 11 citing KRS 365 § 382.365(7).  That standard was not met here.

Mattingly correctly states in his brief that the Judgment Liens remain attached to Stich's real property interests in Jefferson County and Bullitt County as post judgment interest continued to accrue.  A supersedeas bond is a "covenant to perform the judgment and to pay all damages and costs." *See Cumberland Security Bank Inc. v. First Southern National Bank*, 661 S.W.3d 748 (Ky. 2023) quoting *Wheeler v. Rea*, 306 S.W.2d 294, 296 (Ky. 1957).  It was Stich's decision to pursue the appeal which did nothing for his cause but rather resulted in further delays which increased the amount he owed to Mattingly.  For these reasons, the Judgment Liens remained in place which secured Mattingly's claims.

### CONCLUSION

For all the above reasons, the Motion for Summary Judgment of Plaintiff, Kevin W. Stich, be and hereby is **DENIED**.

Joan A. Lloyd
United States Bankruptcy Judge
Dated:  May 5, 2026

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| KEVIN W. STICH | ) | Case No. 25-32249(1)(13) |
| | ) | |
| _____Debtor_____ | ) | |
| | ) | |
| KEVIN W. STICH | ) | |
| | ) | |
| Plaintiff | ) | Adv. No. 25-03052 |
| | ) | |
| v. | ) | |
| | ) | |
| DALE MATTINGLY | ) | |
| d/b/a DaPAULA PROPERTIES | ) | |
| | ) | |
| _____Defendant_____ | ) | |

## <u>ORDER</u>

This matter came before the Court on the Motion for Summary Judgment filed on behalf of the Plaintiff, Kevin W. Stich against Defendant Dale Mattingly d/b/a DaPaula Properties.  The Court reviewed Plaintiff's Motion for Summary Judgment and Defendant's Response to Plaintiff's Motion for Summary Judgment.  For the reasons set forth in the Court's Memorandum-Opinion,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**, that Plaintiff's Motion for Summary Judgment, be and hereby is, **DENIED**.

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated:  May 5, 2026